WESSON & HUNTING, *vs.* THOMAS J. JOHNSON, *et. al.*

1. The Acts of the General Assembly, restoring to married women, their common law right of dower, are unconstitutional, so far as they apply, to marriages contracted prior to their passage.

2. Where a bill in equity was filed to foreclose a mortgage, and, a final decree was obtained, the defendant, (the mortgagor), cannot avail himself, by a suggestion, in the nature of a plea since the last continuance, of the pendency of another suit in the District Court of the United States, " to force him into bankruptcy."

3. For 1st. It does not appear that both suits, were, for the same cause of action. 2d. A plea, *puis darrein continuance*, is not admissible in a Court of Equity. 3d. The case of a mortgagee, is an exception to the general rule, and, he may proceed on his mortgage, in *Equity*, and on his debt, at *law*. 4th. The matter which had existed so long, comes too late after hearing and decree.

The case of *Sutton & Wife* v. *Askew, at this term,* cited and approved.

This was a bill in equity, to foreclose a mortgage, heard before Russell, Judge, Fall Term 1870, of Cumberland Superior Court.

This bill was filed against the defendant, Thomas J. Johnson, *alone*, afterwards, his wife was made party defendant: The bill stated that the defendant was indebted to complainants in a large sum, and executed his note to them on the 27th day of March, 1867. That to secure the said debt, he executed a mortgage for a tract, or parcel of land in the town of Fayetteville, which deed bears date 27th March, 1867; That the note has not been paid according to the conditions of the mortgage, and prays for a decree of foreclosure and sale : The defendants answering, admit, the execution of the mortgage and that the debt has not been paid, but insists that, under the Act of the General Assembly, of 1866-'67, chap. 54, the defendant, Ann M. Johnson, wife of Thomas J. Johnson, " became seized and possessed", of ¼ interest in all the

lands of which her husband was seized during the coverture." That she did not sign the said deed, and that according to the provisions of the Act above named, no title passed to the complainants.

The defendant, Ann M. Johnston, answering, insists upon her rights under the Act aforesaid—that the deed was made without her concurrence or assent, and she still refuses to consent thereto.

The defendant T. J. Johnson states, that he was married in the year 1834.

The cause was heard upon the bill and answer, at Fall Term 1870, when a final decree was made, in favor of complainants, directing the land to be sold. And thereupon "the defendant pleads as a plea since the last continuance, that these same plaintiffs instituted proceedings in bankruptcy in the District Court of the United States, returnable to Fall Term 1868, of said Court, to force him into bankruptcy, and he submits that the plaintiffs should elect which suit they will prosecute."

The Court "disregarded the entry of this plea upon the docket, and, directed the decree to stand." From the decree of the Court the defendants pray an appeal to the Supreme Court.

*J. W. Hinsdale* for the plaintiff filed the following brief:

I. The plea of "*autre action pendant*," is fatally defective, because :

1st. This plea can only be pleaded in the second action, but the equity suit was first begun.

2nd. It does not appear that the suit in equity, and the involuntary proceedings in bankruptcy are for the same cause of action, and for the same purpose. *Story Eq., Pl.,* secs. 737, and 738 *Mitf. Eq., Pl.* 246, *Beames Eq., Pl.* 136, *Behrens* v. *Sieve King,* 2 *Mylne and Craig,* 602, 2 *Chit Eq., Dig.* 1726, 1727, *Devie* v. *Brownlow,* 2 *Dick,* 64.

WESSON & HUNTING *v.* THOMAS J. JOHNSON.

3rd. Where a bill seeks relief, and a defendant pleads "*autre action pendant*," the other suit must be either in the same or another Court of equity. *Cooper Eq., Pl.* 272, 276, *Beams on Pleas*, 134, 146, 148. *Lord Raymond's Rep.*, 246. *Howell* v. *Waldson*, 2 *Ch., cas.* 85.

4th. The pendency of a suit in a court of the United States or a foreign court cannot be pleaded in abatement or bar to a suit *for the same cause* in a State court. 2 *Mad.* ch., 315, *Mitf. Eq., Pl.* 209, *Mitchell* v. *Bunce*, 2 *Paige*, 606, *Salmon* v. *Wooten*, 9 *Dana*, 424, 9 *Johnson*, 221, 12 *Ibid.* 99, 17 *Ibid*, 221, 272, 14 *Vesey*, 307.

5th. The defence is not made in apt time, it should be made before the hearing. *Harell* v. *Van Buren.* 3 Edw. 20, 1 Chit. Pl. 658, 658.

II. The "Act to restore the common law right of dower to married women." does not affect the present case. It can operate upon those marriages only, contracted subsequently to its passage, for,

1. It is a general and wise rule, to give to statutes a prospective operation. *Sackett* v. *Andross*, 5 Hill 327, and cases there cited. *Broom's Maxims*, 33, and cases there cited. *Smith on Stat. & Const. Construction, ch.* 5. *Dwarris on Stat. and Const. (Ed. of* 1871.) 162, *Cool. Con. Lim* 370, and cases there cited. *Sedgwick on Stat & Const. Law*, 190.

2. This act, if held to operate retrospectively, is unconstitutional.

3. It impairs the obligation of a contarct. Marriage is civil contract, and the rights growing out of it, are entitled to the protection of the constitution of the United States. *Dartmouth College case*, 4 *Wheat*, 694 *Lawrence* v. *Miller*, 2 *N. Y.* 250. *Taylor* v. *Porter*, 4 *Hill*, 140. *Matter of Albany St.* 11 *Wend.* 149. *Fletcher* v. *Peck*, 6 *Cranch.* 87. *Green* v. *Biddle*, 8 *Wheat* 92. *Ogden* v. *Saunders*, 12 *Wheat.* 200. *Bronson* v. *Kinzie*, 1 *How.* 311. *McCracken* v. *Hayward*, 2 *How.* 608. *Sedg. on Stat. and Const. Law*, 638. *Holmes* v. *Holmes*, 4 *Barb.* 296.

At common law, the right of dower attached, in favor of the wife, at the instant of the marriage, and could not be defeated by the alienation of the husband. 1 *Cruise Dig.* 136. So by the marriage and seizin of the husband the wife's right to dower, became a vested right under the marriage contract, and could not be impaired by subsequent legislation.

*Kelly* v. *Harrison*, 2 *John cas.* 20. See *Stat.* 3–4, *Wm. IV.* ch. 105, which recognizes this principle. *Williams on Real Prop.*, 171, *Burk* v. *Basson*, 8 *Cl'k*, (Iowa,) 132. The law cannot take away dower. *Royston* v. *Royston*, 21 *Gec.*, 161. *Holmes* v. *Holmes, Barb.*, 295, *Cool Con. Lim.*, 284. Therefore, as the contract of marriage is mutual, and the rights arising therefrom, reciprocal, it follows, that if dower cannot be diminished to the prejudice of the wife, it cannot be augmented to the detriment of the husband. *Cool Con. Lim.*, 285.

*Wm. McL. McKay* for the defendants.

DICK, J.   In Sutton and wife *v.* Askew, at this term, this Court decides that the Statutes restoring to married women the common law right of dower, are unconstitutional, so far as they apply to marriages contracted previous to the passage of those statutes.

As the *feme* defendant was married, before the enactment of those statutes, she had no interest in the lands conveyed to the plaintiffs.

The suggestion of the defendant, in the nature of a plea since the last continuance, that the plaintiffs are prosecuting a suit against him in the Court of Bankruptcy, cannot be made available, either as a plea, or as a foundation for a motion to force the plaintiffs to elect, in which Court, they will pursue their remedy.

1st. It does not appear that both suits are for the same cause of action.

2nd. A plea *puis darrein continuance* is not admissible in a Court of Equity; its effect, may be obtained, by means of a cross-bill. 1 *Dan. Ch. Pr.* 681.

.3rd. The case of a mortgagee, is an exception to the general rule, and he may proceed on his mortgage in equity, and, on his bond, at law, at the same time. *Danl. C. P.,* 962.

4th. The matter, which had existed so long, comes too late after hearing and decree.

The proceedings in bankruptcy cannot operate in suspension in this suit, as in cases of involuntary bankruptcy, an application for the stay of a pending suit in another Court, cannot be made, until the order of adjudication is proved. *Bump on Bank,* 332.

JUDGMENT AFFIRMED.